### *Jackson, on the demise of Hogeboom*, v. *John Stiles, Austin Griffin, tenant in possession.*

A TITLE to the premises in question had been awarded to the lessor of the plaintiff by the commis- sioners appointed to settle disputes to land, in the county of *Onondago*, and he had served declarations on the tenants, with the usual notices annexed. The declarations, however, contained blanks for the towns

and counties, which, at the time of service, were not filled up, nor were they, in the copies annexed to the affidavits of service, and filed with them, on which the usual rule was entered. The declarations were served on the tenants within the three years allowed by law for prosecuting the titles awarded, but they were now elapsed.

*Spencer*, on these circumstances being disclosed by the affidavit of the plaintiff's lessor, stating also the services having been made with the full intent of carrying into effect the actions instituted, moved for a rule against the tenants, to show cause, by the first day of next term, why the declarations should not be respectively amended, by the insertion of the names of the towns and counties, and that fixing up the rule in the clerk's office, should be deemed good service.

*Emott.* Are the tenants to take notice of declarations which are mere nullities, void in themselves, and to which they are not parties ? They have not appeared ; they are not in court, and *John Stiles* is the only defendant to the suit, that can be known by the record.

*Per Curiam.* Notice having been served on the tenants, it was enough to put them on inquiry. There is time enough for them to come in if they please.— Take the effect of your motion.